

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Board of Regents
State Teachers Colleges of Texas
Box 756
Austin, Texas

Dear Sir:          Attention: Mr. H. A. Turner

> Opinion No. O-6135
> Re: Approval of expense account
> of member of the Board of
> Regents of the State Teachers
> Colleges.

Your opinion request of July 28, 1944, reads as
follows:

"Referring to the account of Hon. S. A. Kerr
hereto attached, and which has been in your office
for ruling for some little bit, and on which I am
informed you wish additional information; I return
the account to you herewith with the following
explanation and data:

"Mr. Kerr, whose home is Jacksonville, Texas,
was duly appointed a member of the Board of Regents
for the Texas State Teachers Colleges, and duly
qualified; later he was called into the service,
viz. the U. S. Navy, and is stationed in Washington,
D. C.

"The annual meeting of the Board of Regents
was held in Austin May 15, 16, 1944, and Mr. Kerr
was urged to be present if at all possible, it
being the occasion of the annual meeting at which
matters of great importance covering the coming
year and biennium are disposed of. He came and
incurred the expenses as shown in the attached
account.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The question our board wishes answered
is whether said account can be paid in full,
and if not, what portion of same may be paid
legally.

"We will appreciate your findings in the
matter."

Mr. Kerr's expense account contains an item for
transportation expenses from Washington to Austin and return,
together with additional items for meals, hotel and per diem.

Under the decisions of our Supreme Court in the cases
of Carpenter vs. Sheppard, 145 S. W. (2d) 562, and Cramer vs.
Sheppard, 167 S. W. (2d) 147, a civil officer of this State does
not vacate or forfeit his civil office by joining any branch of
our armed forces other than the regular army, navy or marine
corps. We understand that Mr. Kerr is in the naval reserve
rather than in the regular navy; consequently, the fact that
he is in service does not prevent the payment of such expenses
as he may actually and necessarily incur in discharging the
duties of his civil office.

With respect to such expenses, Section 6 of Article
2647, V. A. C. S., provides:

"The board shall meet each year at Austin, on
the first Monday in May, or as soon thereafter as
practicable, for the transaction of business per-
taining to the affairs of the State normal schools,
and at such other times and places as a majority
of the members of the board deem necessary for the
welfare of said colleges. Each and every member of
said board shall receive five dollars per day for
the time spent attending the meetings provided for
in this law, and in addition thereto the amount of
their traveling expenses, said compensation to be
paid to the several members of the board out of the
appropriation for the support and maintenance of the
said State Teachers' Colleges as the board may direct."

Board of Regents, page 3

Section 14 of Article 16 of the Texas Constitution reads as follows:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Opinion No. O-3456 by this department reads, in part, as follows:

"In our opinion, however, the expenses incurred by Mr. Martin in coming to his district from Brownwood, where his military office requires him to be stationed, in order to perform the duties of his civil office, and the expenses incident to the return trip to Brownwood may not be paid. The expenses of these trips are not such as are necessarily incurred in discharging the duties of the civil office of District Attorney. On the contrary, the necessity for these expenditures arises out of the holding of the military office. The situation, to our mind, is much the same as if the District Attorney were compelled, for personal reasons, to make a trip outside of his district, in which event we think it clear that, though it would be necessary for him to return to his district in order to discharge the duties of his civil office, he could not have his expenses incurred in making the return trip paid by the State any more than he would be entitled to have the expenses of the going trip paid by the State. In other words, in neither instance, has the presence of the district attorney at the point outside of his district been occasioned by the necessity of discharging a duty incident to his civil office as District Attorney, and it is only such traveling expenses as are necessarily incurred in discharging the duties of the civil office of District Attorney which may be paid to the officer as District Attorney."

In view of the foregoing authorities, it is the opinion of this department that Mr. Kerr is only entitled to receive

Board of Regents, page 4

five dollars per day for the time spent attending the meetings of the Board of Regents of the State Teachers Colleges, and in addition thereto, the amount of his traveling expenses from Jacksonville, Texas, his legal residence, to Austin, Texas, and the return trip from Austin to Jacksonville.

Very truly yours

ATTORNEY GENERAL OF TEXAS

SEP 22 1944

ATTORNEY GENERAL OF TEXAS

JCD:rt

By

*J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE